Eastern District of Kentucky
FILED
JUL 2 5 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 07-21-KSF

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                        **PLEA AGREEMENT**

DOUGLAS WILLIAM STEELE                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, charging a violation of 18 U.S.C. § 2422(b).

2. The essential elements of the violation to which the Defendant is pleading guilty are:

> (a) First, that the Defendant knowingly used a facility of interstate commerce described in the Indictment, to attempt to persuade, induce, entice, or coerce an individual under the age of eighteen to engage in sexual activity, as charged;
>
> (b) Second, that the Defendant believed that such individual was less than eighteen years of age;
>
> (c) Third, that if the sexual activity had occurred, the Defendant could have been charged with a criminal offense under the law of Kentucky; and
>
> (d) Fourth, that the Defendant acted knowingly and willfully.

3. As to the violation charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

>From on or about October 27, 2006, and continuing through on or about January 23, 2007, in Fayette County, in the Eastern District of Kentucky, the Defendant attempted to persuade, induce, entice, and coerce an undercover detective posing as a fifteen year-old male to engage in sexual activity using internet chatroom conversations and phone conversations. On January 23, 2007, the Defendant attempted to meet the fifteen year-old male at the Knights Inn in Lexington, Kentucky for the purpose of sexual activity.

The Defendant admits that, during all times relevant to the Indictment, he believed the undercover detective was actually a fifteen year-old male. The Defendant also admits that he used a means and facility of interstate commerce, that is the internet and his phone, when attempting to persuade, induce, or entice, the purported fifteen year-old male to engage in sexual activity. At the time of the phone and internet conversations, the Defendant was approximately 53 years old. Therefore, had the Defendant engaged in sexual activity with a fifteen year-old, the Defendant could have been charged with a criminal offense under the laws of Kentucky, which makes it a crime for anyone twenty-one years old or more to engage in sexual intercourse with a person that is less than sixteen years old.

4. The maximum statutory punishment for the charge to which the Defendant is pleading guilty is imprisonment for not less than 10 years and not more than life imprisonment, a fine of not more than $250,000, and a term of supervised release of any term of years or life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2006, manual, will determine the Defendant's guideline range.
>
> (b) Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 24.
>
> (c) Pursuant to U.S.S.G. §§ 2G1.3(b)(2)(B), increase the offense level by 2 levels because the Defendant unduly influenced a minor to engaged in prohibited sexual conduct.
>
> (d) Pursuant to U.S.S.G. §§ 2G1.3(b)(3)(A), increase the offense level by 2 levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct.
>
> (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The United States agrees to recommend that the Defendant receive a sentence of 120 months, the mandatory minimum sentence for the offense to which the Defendant is pleading guilty.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the applicable advisory sentencing guidelines range.

9. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution..

10. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 7/24/07    By: _____
                      Erin J. May
                      Assistant United States Attorney

Date: 7-24-07    _____
                  Douglas William Steele
                  Defendant

Date: 7-24-07    _____
                  Gregory A. Woosley
                  Attorney for Defendant

APPROVED, this 24th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE

Page 5 of 5