UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:07-CR-21-KSF |
| | ) | No. 5:08-CV-7042-KSF |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| DOUGLAS W. STEELE, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On October 23, 2008,[1] Defendant/Movant Douglas W. Steele moved pro se for relief under 28 U.S.C. § 2255. *See* DE #28 (Motion to Vacate). The United States responded in opposition and moved to dismiss the case on January 5, 2009, *see* DE #34 (Motion to Dismiss), and on June 10, 2009,[2] Steele filed a pro se response.[3] *See* DE #35 (Response).

Having considered the full record, and for the reasons articulated herein, the Court **RECOMMENDS** that the District Judge **DENY** section 2255 relief as to all grounds. Consistent

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam).

[2] This filing date likewise reflects the prison mailbox rule. *See Richard*, 290 F.3d at 812-13. Steele does not appear to have requested leave to file this reply late. However, the United States has not moved to strike the reply, and mindful of Defendant/Movant's pro se status, the Court will consider same.

[3] This reply also contains a motion for the appointment of counsel. *See* DE #35 at 7-9. However, Steele later moved independently for counsel as well. *See* DE #37 (Motion to Appoint Counsel). The Court evaluated that motion at the time and denied the motion without prejudice. *See* DE #38 (Order). To the extent that the motion imbedded in DE #35 constitutes a separate and independent motion, the Court also denies that motion without prejudice for the same reasons stated in DE #38.

1

with this conclusion, the United States's motion to dismiss should be **GRANTED**. Additionally, the District Court should not grant a Certificate of Appealability as to any issue.

## I. BACKGROUND

The Grand Jury indicted Steele on a charge under 18 U.S.C. § 2422(b) for knowingly using a facility and means of interstate commerce to attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years of age, that is, a fifteen-year-old minor male, to engage in sexual activity for which any person could be charged with a criminal offense. *See* DE #1 (Indictment); DE #11 (Superseding Indictment). Defendant/Movant hired Hon. John Kevin West as defense counsel, *see* DE #3 (Minute Entry), and West's colleague, Hon. Greg Woosley, appeared at most of the proceedings on behalf of Steele. *See, e.g.*, DE #3; DE #7 (Minute Entry); DE #14 (Minute Entry).

On July 24, 2007, Defendant/Movant pled guilty to the original section 2422(b) charge. *See* DE #18 (Minute Entry). On October 26, 2007, Steele received a 120-month sentence of imprisonment to be followed by supervised release for life. *See* DE #23 (Judgment) at 2. The imprisonment term was a mandatory minimum.

On July 14, 2008, Defendant/Movant filed a pro se notice of appeal. *See* DE #26 (Notice of Appeal). The United States Court of Appeals for the Sixth Circuit dismissed the appeal for lack of jurisdiction because Steele missed the filing deadline and had no leave to file his appeal late. *See* DE #27 (Order of the Sixth Circuit).

Defendant/Movant timely filed the instant section 2255 motion. *See* DE #28.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence

violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. *See* 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, the Movant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 113 S. Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, the Movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill v. United States,* 82 S. Ct. 468, 471 (1962)). In making a section 2255 motion, Movant bears the burden of proving his or her contentions by a preponderance of the evidence. *See McQueen v. United States*, 58 Fed. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

A reviewing court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact .'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court additionally recognizes Steele's pro se status. Pro se motions receive a comparatively lenient construction by the Court. *See Castro v. United* States, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions);

*Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

## III. ANALYSIS

Steele raises two grounds for section 2255 relief: ineffective assistance of counsel in negotiating the plea agreement and denial of the right to counsel during plea negotiations. *See* DE #28 at 3-4. He provides no separate evidence and relies exclusively on verified factual allegations made on the standard section 2255 motion form. *See id.* In response, the United States moves to dismiss, contending that Steele has waived the section 2255 challenges via his plea agreement and that, in the alternative, he has not proven the contentions. *See* DE #34. Defendant/Movant's unsworn reply emphasizes alleged problems with counsel in the case and urges the Court to find favorably. *See* DE #35.

### A. Waiver

First, Defendant/Movant's claims have not been waived because they concern the character and substance of the plea agreement. The Sixth Circuit has held that challenges to the validity of a guilty plea cannot generally be waived. *See, e.g.*, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (". . . [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself."). However, when section 2255 motions do not articulate a basis for attacking the validity of a plea, the Sixth Circuit has upheld collateral-attack waivers if otherwise knowing and voluntary. *See, e.g.*, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006) (finding a movant's arguments, other than ineffective assistance and

4

jurisdictional arguments, to be waived by a plea agreement); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (holding that a defendant waived his right to bring a section 2255 petition based on ineffective assistance of counsel not relating to the plea agreement).

On the instant facts, Steele alleges that his guilty plea emerged, in relevant part, from his counsel's ineffectiveness and from denial of the right to counsel during plea negotiations. The allegations directly relate to the ultimate character and substance of the plea and plea agreement; therefore, the waiver does not bar Defendant/Movant's challenge. To the extent Steele intended any broader claim, however, such claim would be waived. Further, and notably, Defendant/Movant does not dispute the enforceable nature of the waiver in specific.

### B. Ground One: Ineffective Assistance

On the merits, the files and records of the case show conclusively that Steele is not entitled to relief. The Sixth Circuit has outlined the standard for ineffective assistance of counsel as to plea agreements:

> The Supreme Court stated in *Hill* that the two-part test to establish ineffective assistance of counsel, articulated earlier in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58, 106 S. Ct. 366. Under that test, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by the attorney's error. *Id.* at 57-59, 106 S. Ct. 366. In the context of a challenge to a guilty plea, the defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. 366. The Supreme Court added that an assessment of prejudice must include a prediction of the likely outcome at trial. *Id.* In the case of an unexplored affirmative defense or undiscovered evidence, this prediction of the likely outcome at trial is relevant to determine whether or not the potential defense or evidence would have caused counsel to change the recommendation as to the plea. *Id.*

*Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006). Accordingly, before Defendant/Movant can

establish that he would not have pled guilty absent the allegedly deficient performance of counsel, he must show under the *Strickland* standard that counsel's performance was objectively unreasonable and that the unreasonable performance prejudiced the result.[4]

Based on the Federal Rule of Criminal Procedure 11 colloquy alone, Steele plainly cannot secure relief. The purpose of Rule 11 is to ensure that a defendant's guilty plea is knowing and voluntary, based on a complete record of factors analyzed by the court through interaction with the sworn defendant. *See McCarthy v. United States*, 89 S. Ct. 1166, 1170-71 (1969); *Phillips v. United States*, 519 F.2d 483, 485 (6th Cir. 1975).[5] The trial court carefully and deliberately proceeded through the Rule 11 colloquy with Movant. *See* DE #32 (Transcript of Rearraignment) ("Tr."). The sworn colloquy established the plea as knowing, counseled, intelligent, and voluntary.

Steele's verified Rule 11 representations to the District Judge have considerable importance. As the Fourth Circuit has persuasively reasoned,

> [A]n appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea . . . To view the Rule 11 plea colloquy as a procedural game in which pieces are moved and manipulated to achieve a result that can beat the system established for providing due process to the defendant undermines that very process.

*United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (citation omitted); *see Baker v.*

---

[4] Complete denial of counsel, if proven, would be presumptively prejudicial. *See Roe v. Flores-Ortega*, 120 S. Ct. 1029, 1038 (2000) (citing *United States v. Cronic*, 104 S. Ct. 2039, 2047 (1984)).

[5] Supporting this statement of purpose, the Supreme Court has limited collateral attack on violations of Rule 11. *See, e.g.*, *United States v. Timmreck*, 99 S. Ct. 2085, 2087 (1979) (finding that a Rule 11 violation must be "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure" in order to be appropriate for collateral attack).

*United States*, 781 F.2d 85, 90 (6th Cir. 1986) (observing, as to "fully accurate" Rule 11 procedures, that "[t]o allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law principles"). During the time that Defendant/Movant had one-on-one interaction with the trial judge and the chance to communicate any dissatisfaction, Steele instead indicated unreserved satisfaction with the advice and representation of counsel:

> THE COURT: You have retained Greg Woosley to represent you in this matter. Are you fully satisfied with the counsel, representation, and advice rendered to you by Mr. Woosley?
>
> THE DEFENDANT: Yes, Your Honor.

*See* Tr. 3 at lns. 4-8.[6] Additionally, Steele specifically confirmed that he understood how sentencing would work and that any recommendation in the plea agreement would be non-binding on the District Court:

> MS. HAWKINS: The maximum statutory punishment for the charge in this case is imprisonment for not less than ten years and not more than life, a fine of not more than $250,000, and a term of supervised release for any term of years. There's also a special mandatory assessment of $100 in this case.
> In this case, the United States and the defendant recommend the following sentencing guideline calculations and may object or argue in favor of others. These recommendations are not binding on the Court. The parties agree that the advisory Sentencing Guidelines from November of 2006 will apply in this case.
> The parties also agree that the base offense level in this case is a 24. The parties also agree that that offense level would be increased by two levels because the defendant unduly influenced a minor to engage in a prohibited sexual conduct.
> In addition, the parties agree that the offense would be increased for two

---

[6] Steele alleges, in his unsworn reply, that Woosley had no experience in federal court and offered no alternatives to the plea agreement proposed by the prosecutor. *See* DE #35 at 4-5. Defendant/Movant appears to believe that constitutionally sufficient advocacy during the plea bargaining process always results in a "give and take." *See id.* at 4. However, as noted, under oath at the Rule 11 colloquy, Defendant/Movant indicated complete satisfaction with Woosley's efforts.

7

> more levels because there was a computer or an interactive computer service used to induce, entice, or coerce the travel of a minor to engage in a prohibited sexual – engage in prohibited sexual conduct.
>
> And, finally, the parties agree that because the defendant has come in in a timely manner, he will receive his full three levels off for acceptance of responsibility.
>
> And so with all that said, it appears that his adjusted guidelines we agreed about would be a 25.
>
> The United States in this case has no agreement about his criminal history.
>
> The United States does agree in this case to recommend that the defendant receive a sentence of 120 months, which is the mandatory minimum for this offense to which the defendant is pleading guilty.
>
> The defendant has also agreed he's not going to file any sort of a decrease in his offense level for any mitigating role or any other departure motions for acting under duress. He's also agreed he will not file any motion to seek a sentence below the advisory Sentencing Guidelines in this case. He has also waived his right to appeal, the right to attack collaterally his guilty plea, conviction, and sentence and any order of restitution.
>
> I do not believe there is restitution in this case, Your Honor, and that would conclude the important parts of his plea agreement.
>
> THE COURT: All right. Thank you.
> Mr. Steele, did you hear Ms. Hawkins just now tell me the essential terms of the plea agreement you have entered into with the government?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And has she stated the essential terms of the plea agreement as you understand the agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Has anyone made any promises or assurances to you different from those set out in the plea agreement?
>
> THE DEFENDANT: No.

*See* Tr. 4 at lns. 2-25; Tr. 5; Tr. 6 at lns. 1-5. District Judge Forester even reviewed the non-binding nature of sentencing recommendations a second time:

> THE COURT: In paragraph five of the plea agreement, there's some -- a reference to the advisory Sentencing Guidelines and some preliminary guideline calculations. I want to be sure you understand at this time no one can know with

8

> certainty as to what your guideline range will be, and it will not be possible for anyone to know until the probation officer prepares a presentence report. Do you understand that?
>
> THE DEFENDANT: Yes, I do.

*See* Tr. 6 at lns. 17-24. These responses, under oath, assure that, despite any alleged misadvice about no jail time or a seven-year-sentence guarantee, *see* DE #28 at 3, Steele understood the reality of sentencing before choosing to enter his guilty plea. Defendant/Movant had numerous opportunities to tell the District Court about any matters he did not understand. *See, e.g.*, Tr. 6 at lns. 14-16, 23-24; Tr. 7 at lns. 3-8; Tr. 8 at lns. 18-20; Tr. 9 at lns. 5-8; Tr. 12 at lns. 1-3. Following the full Rule 11 colloquy, Defendant/Movant chose to plead guilty. *See* Tr. 12 at lns. 4-6. Steele also made no complaint in his sentencing colloquy. Further, the presence of a mandatory ten-year term was clear from the beginning of the case to the end – Defendant's claim simply is fantastic.

The plea agreement further conclusively supports denial of section 2255 relief. Courts interpret plea agreements under principles of contract law. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) (citing *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002)); *Baker*, 781 F.2d at 90. The plea agreement, which Steele subscribed, contains an extensive factual summary that Defendant/Movant affirmed the Government could prove beyond a reasonable doubt. *See* DE #19 (Plea Agreement) at ¶ 3. Under contract law, the United States should receive the benefit of its bargain, as Defendant/Movant did. Steele's section 2255 motion merits no relief.

Defendant/Movant presents no extraordinary circumstances, nor does Steele indicate any legitimate reason why he failed to raise any ineffective assistance or lack of counsel issues

before Judge Forester during the Rule 11 colloquy. *See Baker*, 781 F.2d at 90 (discussing the lack of such showings in that case as well in upholding a plea agreement). Notably, Defendant/Movant never alleges any deficiency in the language of the plea agreement. Certainly Steele does not like his current situation, but on the record before this Court, that situation can only be said as entirely of Defendant/Movant's own making.

## C. Ground Two: Denial of Right to Counsel

Here, Steele contends, as constitutional error, that he had no counsel during plea negotiations.[7] *See* DE #28 at 4. Defendant/Movant asserts that he had no representation from

---

[7] While ineffective assistance claims, like that raised in Steele's Ground One, would not normally be brought on direct appeal, Ground Two alleges complete denial of the right to counsel, so would be subject to a procedural default analysis here. *See Elzy v. United States*, 205 F.3d 882, 887 (6th Cir. 2000) (noting that courts may raise procedural default sua sponte).
    A section 2255 motion cannot substitute for a direct appeal. *See Sunal v. Large*, 67 S. Ct. 1588, 1590 (1947) ("[T]he general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."); *Peveler v. United States*, 269 F.3d 693, 698-703 (6th Cir. 2001) (analyzing procedural default). To assert a claim not raised on direct review, a defendant ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 118 S. Ct. 1604, 1611 (1998); *United States v. Frady*, 102 S. Ct. 1584, 1594 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Additionally, "[i]f claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available" subject to an analysis under *Strickland v. Washington*, 104 S. Ct. 2052 (1984). *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).
    Here, the United States made no mention of procedural default in its response. *See* DE #34. The Government has thus implicitly waived that defense. *See Cone v. Bell*, 129 S. Ct. 1769, 1791 n.6 (2009) (noting that "procedural default may be waived if it is not raised as a defense") (citing *Banks v. Dretke*, 124 S. Ct. 1256, 1280 (2004)); *Flood v. Phillips*, 90 F. App'x 108, 114-15 (6th Cir. 2004) (discussing waiver of procedural default as a defense and declining to raise the issue *sua sponte*).
    While courts may sua sponte raise the issue and order a defendant/movant to show cause and prejudice for the default, *see Elzy*, 205 F.3d at 886, here the Court, in its discretion, proceeds on the merits for Ground Two. Steele's section 2255 motion has been pending since October 23, 2008 – more than two years – and a show-cause order at this point would only elongate the proceedings further. Moreover, the merits can be addressed rather simply and directly, based on the existing record in the case. Judicial economy thus favors addressing the merits of Ground Two here.

10

June 1, 2007, to July 15, 2007; that his retained counsel withdrew from his case without telling the Court; and that replacement counsel acted for the Court and not for him. *See id.*

The record directly and fatally contradicts Steele's contention of constitutional error. First, the record reflects that Hon. Greg Woosley appeared for Hon. John Kevin West as retained counsel at Defendant/Movant's initial appearance. *See* DE #3. That is, attorney Woosley had involvement with Steele's defense **from the very beginning** in April of 2007. Retained attorney West appeared as counsel for Steele at the subsequent detention hearing. *See* DE #4 (Order). At arraignment, on April 27, 2007, attorney Woosley appeared for retained attorney West on behalf of Defendant/Movant. *See* DE #7. Likewise, on June 14, 2007, attorney Woosley appeared on behalf of Steele at arraignment on the superseding indictment. *See* DE #14 (Minute Entry). This arraignment occurred during the very period when Steele alleges he had no representation and when he and his father purportedly made approximately 30 calls to West. *See* DE #35 at 2-3. Just over a month later, on July 20, 2007, Defendant/Movant, by attorney Woosley, moved for rearraignment. *See* DE #16 (Motion for Rearraignment). In his unsworn reply, Steele notes that Woosley presented the proposed plea agreement to him and conferred with him about same. *See* DE #35 at 4. Attorney Woosley ultimately signed the plea agreement as counsel for Defendant/Movant.[8] *See* DE #19 at 5. At the Rule 11 colloquy, Steele attested, **under oath**, to be "**fully satisfied** with the counsel, representation, and advice rendered to [him] by Mr. Woosley." *See* Tr. 3 at lns. 4-8 (emphasis added). Attorney Woosley represented Steele at sentencing as

---

[8] Notably, the plea agreement includes the following provision: "The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary." *See* DE #19 at ¶ 14.

well. *See* DE #22.

From the existing record, and given the complete lack of any evidence submitted by Defendant/Movant, the Court cannot conclude precisely what occurred between Steele and West. However, the Court can ascertain that, from the very beginning, Defendant/Movant had representation vis-a-vis attorney Woosley, who ultimately conferred with Steele about the plea agreement proposal, moved for rearraignment on behalf of Defendant/Movant, signed the plea agreement, and appeared at rearraignment and sentencing on behalf of Steele. Any communication difficulties or errors with West, as baldly and without evidence contended, have no ultimate impact on the constitutional sufficiency of the representation that Woosley provided to Defendant/Movant. No constitutional error occurred, and Steele's second merits no section 2255 relief.

Finally, it is notable that Steele offers no details about his complaints. He does not contend that his counsel should have made specific demands or arguments. He does not suggest how counsel could have avoided the mandatory minimum term. He does not explain how full satisfaction at the plea evolved into abandonment in the habeas context. The verified record conclusively establishes that Steele's conclusory arguments fail.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard).

The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

The Court recommends, for the reasons stated below, that no Certificate of Appealability issue for any of the grounds in Steele's section 2255 motion. As to each ground, no reasonable jurists would find the Court's assessment to be debatable or wrong. With Ground One, the Rule 11 colloquy and the plea agreement establish conclusively that Defendant/Movant understood the realities of the guilty plea and sentencing process before entering his guilty plea. As to Ground Two, the record documents the constant involvement of attorney Woosley on behalf of Steele from the very beginning of the case and through sentencing, specifically including plea negotiations. As the party with the burden of proof, Steele failed to present any meritorious factual basis for relief.

## V. RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant/Movant's motion for section 2255 relief as to all grounds. Because the filings and records establish conclusively that Steele should receive no section 2255 relief, the Court need not conduct an evidentiary hearing. Additionally, the United States's motion to dismiss (DE

#34) should be **GRANTED**. The Court also recommends that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of January, 2011.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge