UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:07-CR-21-KSF
(Civil Action No. 5:08-CV-7042-KSF)

UNITED STATES OF AMERICA                                                     PLAINTIFF

vs.                                **OPINION AND ORDER**

DOUGLAS W. STEELE                                                 DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion of Defendant Steele, pro se, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on October 26, 2007 [DE 28]. Defendant's motion was referred to Magistrate Judge Robert E. Wier, who issued a Recommended Disposition [DE 39]. Defendant Steele filed his objections to the Recommended Disposition, and the matter is ripe for consideration by this Court.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant Steele entered a plea of guilty to a charge under 18 U.S.C. § 2422(b) for knowingly using a facility and means of interstate commerce to attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years – here, a 15-year-old male – to engage in sexual activity. [DE 11, Superseding Indictment]. The Court conducted a complete Rule 11 colloquy at the time the plea of guilty was entered. Mr. Steele indicated he was fully satisfied with his counsel and his representation and advice. [DE 32, Transcript of Rearraignment, p. 3]. Mr. Steele was advised of the terms of the plea agreement, including the United States' recommendation of the mandatory minimum sentence of 120 months. He stated he understood the terms of the plea agreement and that no one had made any promises or assurances different from those set out in the plea agreement. *Id.* at 3-7. The Court even repeated: "In paragraph seven of the plea agreement, the government has agreed to recommend that you receive a

sentence of 120 months, which is the mandatory minimum sentence for the offense. Do you understand that? The Defendant: Yes, I do, Your Honor." *Id.* at 6-7. Mr. Steele had numerous opportunities to interact directly with the Court, but he made no complaints about his counsel or the recommended sentence.

In his habeas petition, Steele complains his retained counsel was ineffective for stating "that I would not see a day in jail for this." [DE 28, ¶ 12]. He also claims he was told that the "actual time served would be 7 years." *Id.* Steele further claims that he was completely unrepresented from June 1, 2007 to July 15, 2007, when John Kevin West withdrew from the case. *Id.* at p. 4. The Magistrate Judge found, to the contrary, that Hon. Greg Woosley appeared for Mr. West from the initial appearance on April 17, 2007, through the end of sentencing and that Mr. Steele stated under oath that he was fully satisfied with Mr. Woosley. [DE 39, pp. 11-12].

Mr. Steele filed objections to the Recommended Disposition, including objections to the Magistrate Judge's terminology, such as "alleged," "assert," and "contends" [DE 40, p. 1], to the fact that Mr. Woosley did not represent him while he was arrested on state charges [*Id.* at 2], and that he cannot get any evidence while he is in prison or make any specific arguments because of his lack of legal training [*Id.* at 3].

## II. ANALYSIS

This Court must make a de novo determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The Recommended Disposition expressly states that it recognizes petitioner's pro se status and his motion is given a "comparatively lenient construction." [DE 39, p. 3]. Nonetheless, Steele's § 2255 claims are refuted by his own words, under oath, in the record of this case.

Moreover, Mr. Steele's objections are as devoid of merit as the original petition. For example, he objects that "[t]he problems are not 'alleged' they are real and they happened." Yet,

the record demonstrates the contrary.  Additionally, the fact that Steele did not retain Mr. Woosley to represent him on state charges is wholly irrelevant to his claim of ineffective assistance on his federal conviction.  Regarding Mr. Steele's claimed inability to present evidence, nothing prevented Mr. Steele from offering facts from his personal knowledge regarding counsel's performance.  The record reflects that Steele was "fully satisfied" with his counsel in 2007, and Steele has failed to meet his burden of showing that, "but for counsel's errors, he would not have pleaded guilty." *Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006).  This Court will adopt the Recommended Disposition in this case, including the denial of a certificate of appealability.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. The Magistrate Judge's recommended disposition [DE 39] is **ADOPTED** and incorporated herein for the opinion of the Court;

2. Defendant's motion to vacate, correct or set aside his sentence [DE 28] is **DENIED**; and his objections [DE 40] are **OVERRULED**;

3. The Motion of the United States to dismiss [DE 34] is **GRANTED**; and

4. Judgment will be entered contemporaneously with this opinion and order in favor of the United States.

This April 29, 2011.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**

3